IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS E. PEREZ,<br>*SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR*,<br><br>**Plaintiff,**<br><br>v.<br><br>**RAILPOWER HYBRID TECHNOLOGIES CORP.**,<br>**Defendant.** | 2:13-cv-134 |

## MEMORANDUM ORDER OF DEFAULT JUDGMENT

Plaintiff, Thomas E. Perez, Secretary of Labor, filed this action against Defendant Railpower Hybrid Technologies Corp., alleging that Defendant breached its duties as a fiduciary of an employee benefit plan as defined by ERISA. The matter is before the Court on Plaintiff's MOTION TO ENTER DEFAULT JUDGMENT (ECF No. 9).

### I. Factual and Procedural History

The Railpower 401(k) Plan (the "Plan") was established in 2005 to provide benefits to employees in the case of retirement, death, disability, and termination of employment. It is, therefore, an employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1001 *et seq*. Defendant Railpower, a Pennsylvania corporation, was the Plan's administrator, sponsor, and fiduciary. In 2009, Railpower ceased doing business. Since then, no one has taken fiduciary responsibility for the operation and administration of the Plan and its assets, and the Plan has not been terminated. Essentially, the plan has been "orphaned." As a result, not all Plan participants have been able to obtain distributions of the amounts owed to them. As of September 30, 2011, the Plan had five (5) remaining participants and $68,998.30 in assets.

On May 15, 2013, the Secretary filed a Complaint against Railpower, in which it alleged that Railpower: "(a) failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and its beneficiaries and defraying reasonable expenses of administering the Plan, in violation of Section 404(a)(1)(A) of the Act, 29 U.S.C. § 1104(a)(1)(A); and failed to discharge its duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of the Act, 29 U.S.C. § 1104(a)(1)(B)." Compl. ¶ 14. The Complaint seeks injunctive relief in the form of removal of Railpower from its position as fiduciary and the appointment of an independent fiduciary to administer the Plan.

The Return of Service filed with the Court reflects that service was made via certified mail on July 29, 2013, on the Secretary of State of Washington, Railpower's statutory agent.[1] On September 10, 2013, the Secretary of Labor requested that the Clerk of Court enter default against Railpower. The Clerk of Court granted the Secretary's request on September 11, 2013.

The Secretary now seeks default judgment against Railpower. In support of his motion, the Secretary has submitted an affidavit by Toni Moore, an investigator for the Employee Benefits Security Administration, U.S. Department of Labor.

---

1. After Railpower ceased operations, it changed its name to RHTC Liquidating Co. RHTC is a corporation registered in the State of Washington, which became inactive in 2009. RHTC does not have a registered agent. Accordingly, under Washington law, the secretary of state was deemed to be Railpower's agent for service of process. Wash. Rev. Code. Ann. 23B.05.040(2)(a).

## II. Discussion

### A. Legal Standard for Default Judgment

Federal Rule of Civil Procedure 55 governs the entry and grant of default judgment. The rule provides for entry of default when a defendant has "failed to plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). To obtain a default judgment pursuant to Fed. R. Civ. P. 55(b)(2), a litigant must first obtain an entry of default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). After default has been entered, the Court must treat the allegations in the complaint as true. *Touchtown, Inc. v. DigitalSignGuys.com, LLC*, No. 2:10–cv–708, 2010 WL 5152298, at *2 (W.D. Pa. Dec. 13, 2010) (citation omitted). Be that as it may, the defendant is not automatically entitled to judgment in its favor, as it is within the Court's discretion whether to grant this drastic sanction. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000). Before doing so, the Court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default . . . ." *Touchtown*, 2010 WL 5152298, at *2 (citation and quotation marks omitted).

After the Court finds that default judgment should be entered, it must then decide the amount of damages or type of remedy that should be imposed, which may include injunctive relief. If the amount requested by the plaintiff is a sum certain, no hearing is required to determine the proper award. Fed. R. Civ. P. 55(b). Likewise, courts have sanctioned the imposition of equitable remedies under ERISA against a defaulting party without a hearing. *See, e.g.*, *Chao v. Emp. Res. Mgmt., Inc.*, No. 06-12503, 2007 WL 4245390 (E.D. Mich. Nov. 29, 2007); *Chao v. Sauve*, No. C03–2041 LRR, 2004 WL 503819 (N.D. Iowa March 16, 2004).

B.   **Analysis**

All of the factors set forth above are satisfied in this case. As to the first factor, the Complaint alleges that Defendant Railpower breached its fiduciary duties owed to the Plan participants. Under ERISA, plan fiduciaries must act solely in the interest of the plan participants and beneficiaries and

> (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; ... and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA].

29 U.S.C. §§ 1104(a)(1)(A), (B), and (D). The uncontroverted facts in the Complaint establish that Railpower was the Plan's fiduciary and failed to meet the duties imposed by the Act. On the face of the Complaint, there is no basis to find that Railpower could present a meritorious defense to the Secretary's allegations. *See G.P. Accoustics, Inc. v. Brandnamez, LLC*, No. 10–539, 2010 WL 3271726, at *4 (D.N.J. Aug. 17, 2010) ("The Court is required to evaluate a potential meritorious defense on the Complaint alone, as no response has been offered by Defendant."). Second, the Secretary would suffer prejudice if judgment is not entered in his favor. Finally, "Defendant is [ ] presumed culpable where it has failed to answer, move, or otherwise respond" to a complaint. *G.P. Accoustics*, 2010 WL 3271726, at *4.

Because default judgment will be granted in favor of the Secretary, the Court must fashion an appropriate remedy. The Secretary seeks the removal of Railpower as a fiduciary and the appointment of an independent fiduciary. ERISA authorizes the Secretary to bring an action "to enjoin any act or practice which violates any provision of this subchapter." 29 U.S.C. § 1132(a)(5). Furthermore, ERISA provides that when a fiduciary breaches his duties, he "shall be

subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1009(a). When a plan fiduciary is removed under § 1009(a), it is appropriate for the Court to appoint a trustee to serve in its place. *Chao*, 2007 WL 4245390, at *2 (citation omitted). Accordingly, the Court has the authority to grant the relief sought by the Secretary. Since no hearing is required to compute any damages, such relief will be granted. *See* Fed. R. Civ. P. 55(b)(2)(A)-(B) (providing that the court may conduct a hearing to conduct an accounting or determine the amount of damages).

### III. Conclusion

For the foregoing reasons, the Secretary's **MOTION TO ENTER DEFAULT JUDGMENT** is **GRANTED** and **JUDGMENT** is hereby entered in favor of Plaintiff and against Defendant as follows:

1. Defendant Railpower is hereby removed from its position as fiduciary with respect to the Railpower Hybrid Technologies Corporation 401(k) Plan;

2. Lefoldt & Co., located at 690 Towne Center Blvd., Ridgland, MS 39158-2848, is appointed as an independent fiduciary to administer the Plan;

3. For the services performed pursuant to this Memorandum Order, the independent fiduciary may not receive more than $1,948.75 in compensation for performing its duties, the amount to be paid from the Plan's assets; and

4. The Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Default Judgment.

The Clerk shall docket this case closed. So **ORDERED** this 14th day of November, 2013.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Joanne Roskey, Esquire**
　　Email: jarquin.joanne@dol.gov